IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AARON DAVID TRENT NEEDHAM, *Petitioner*, v. STATE OF UTAH, *Respondent*. | **MEMORANDUM DECISION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** Case No. 2:17-cv-115-JNP District Judge Jill N. Parrish |

Petitioner, Aaron David Trent Needham, has filed a *pro se* habeas corpus petition. *See* 28 U.S.C. § 2254 (2016). Respondent, the State of Utah, has moved to dismiss the habeas corpus petition. For the reasons set forth below, the court grants Respondent's Motion to Dismiss (ECF No. 23).

## BACKGROUND

Petitioner was convicted in Utah state court. Upon appeal, the Utah Court of Appeals affirmed the conviction. *State v. Needham*, 391 P.3d 295, 296-97 (Utah Ct. App. 2016). Petitioner did not file a petition for certiorari in the Utah Supreme Court. Petitioner then filed an unsuccessful application for state post-conviction relief. The Utah Court of Appeals dismissed Petitioner's appeal of his unsuccessful application for state post-conviction relief. *Needham v. State*, No. 20170380-CA (Utah Ct. App. June 5, 2017) (dismissal order). He again did not file a petition for certiorari in the Utah Supreme Court. He now challenges his conviction in this federal habeas petition.

**ANALYSIS**

In its response to the petition, the State argues that Petitioner's issues are unexhausted and procedurally defaulted. The Court agrees.

### A. Exhaustion

In general, before Petitioner may seek review of a Utah conviction in federal court, he must exhaust all remedies in Utah courts. *See* 28 U.S.C. §§ 2254(b)(1)(A), (c); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Knapp v. Henderson*, No. 97-1188, 1998 WL 778774, at *2 (10th Cir. Nov. 9, 1998). To exhaust his remedies, Petitioner must properly present to the highest available Utah court the federal constitutional issues on which he seeks relief. *See Picard*, 404 U.S. at 276; *Knapp*, 1998 WL 778774, at *2-3. Here, because he did not petition for writ of certiorari as to his failed direct appeal and application for state post-conviction relief, Petitioner has not presented any of the issues upon which he seeks relief to Utah's highest court, the Utah Supreme Court. Consequently, Petitioner has not exhausted his remedies, as he is required to do by § 2254(b)(1)(A).

### B. Procedural Default

The United States Supreme Court has declared that when a petitioner has "'failed to exhaust his state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). Utah's Post-Conviction Remedies Act, in pertinent part, states:

> A person is not eligible for relief under this chapter upon any ground that:
> …
> (b) was raised or addressed at trial or on appeal;
> (c) could have been but was not raised at trial or on appeal;
> (d) was raised or addressed in any previous request for post-conviction relief or could have been, but was not, raised in a previous request for post-conviction relief; or
> (e) is barred by the limitation period established in Section 78B-9-107.

Utah Code Ann. § 78B-9-106(1) (2017); *cf. Hale v. Gibson*, 227 F.3d 1298, 1328 (10th Cir. 2000) ("Oklahoma bars collateral review of claims . . . that could have been raised on direct appeal but were not. Accordingly, [petitioner] has defaulted his claim . . . ."). Under Utah law, Petitioner may not raise his current arguments in future state habeas petitions. Consequently, they are procedurally barred.

### C. Exceptions

"This court may not consider issues raised in a habeas petition 'that have been defaulted in state court on an independent and adequate procedural ground[] unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.'" *Thomas*, 218 F.3d at 1221 (alteration omitted) (citation omitted). Petitioner asserts both cause and prejudice and a fundamental miscarriage of justice. Specifically, he asserts that that he was hampered by lack of legal knowledge and resources and that he is actually innocent.

#### 1. Cause and Prejudice

"[T]o satisfy the 'cause' standard, Petitioner must show that 'some objective factor external to the defense' impeded his compliance with Utah's procedural rules." *Dulin v. Cook*, 957 F.2d 758, 760 (10th Cir. 1992) (citation omitted). And to demonstrate prejudice, "'[t]he habeas petitioner must show not merely that . . . errors . . . created a possibility of prejudice, but

3

that they worked to his *actual* and substantial disadvantage.'" *Butler v. Kansas*, No. 02-3211, 2002 WL 31888316, at *3 (10th Cir. Dec. 30, 2002) (unpublished) (alteration in original) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (emphasis in original)).

Petitioner has not met his burden of showing that objective factors external to the defense hindered him in meeting state procedural demands. Under Tenth Circuit case law, lack of legal resources and knowledge (including Petitioner's own misunderstanding) are circumstances that do not carry Petitioner's burden to show cause. *Gilkey v. Kansas*, 58 Fed. App'x 819, 822 (10th Cir. 2003) (unpublished) (holding limited knowledge of the law is insufficient to show cause for procedural default); *Rodriguez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991) (concluding petitioner's *pro se* status and his corresponding lack of awareness and training on legal issues do not constitute adequate cause for his failure to previously raise claims). "Indeed, these are factors . . . that are *internal* to Petitioner's defense." *Ardon-Aguirre v. Sorensen*, No. 2:12-CV-914 DB, 2013 WL 5701069, at *4 (D. Utah Oct. 18, 2013) (emphasis in original).

### 2. Actual Innocence

Finally, Petitioner suggests that a miscarriage of justice will occur if this Court does not address the defaulted claims in his petition. To be plausible, an actual-innocence claim must be grounded on solid evidence not presented at trial. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998). Because such evidence is so rare, "in virtually every case, the allegation of actual innocence has been summarily rejected." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Petitioner is burdened with making "a proper showing of factual innocence." *Byrns v. Utah*, No. 98-4085, 1998 WL 874865, at *3 (10th Cir. Dec. 16, 1998) (unpublished) (citing *Herrera v. Collins*, 506 U.S. 390, 404 (1992)).

Petitioner's mere rehashing of the evidence and alleged violations of his civil rights in state proceedings has not convinced this court that the exception applies. Indeed, the focus of the court's analysis regarding actual innocence is not whether Petitioner urgently believes there were errors—or whether there were indeed errors—in the state proceedings, but whether Petitioner is factually innocent. This factual innocence must also be supported with new evidence, which Petitioner has not provided.

In sum, the court concludes that Petitioner's issues are procedurally defaulted. And these issues do not qualify for consideration under the cause-and-prejudice or miscarriage-of-justice exceptions to the procedural bar. The court therefore denies Petitioner federal habeas relief.

## CONCLUSION AND ORDER

Petitioner's challenges are procedurally barred and do not qualify for exceptional treatment. **IT IS THEREFORE ORDERED** that Respondent's motion to dismiss this habeas corpus petition is **GRANTED**. *See* ECF No. 23.

**IT IS FURTHER ORDERED** that the preliminary injunctive relief Petitioner seeks is **DENIED**. *See* ECF No. 7. Generally, conditions-of-confinement claims are impermissible in habeas-corpus cases. Petitioner is advised that the appropriate vehicle for such claims is a civil-rights case. The Clerk of Court is **ORDERED** to send to Petitioner with this Order a *pro se* prisoner packet with information about filing a civil-rights case and a blank-form complaint, should Petitioner choose to follow up on his conditions-of-confinement grievances.

//

//

//

Signed January 11, 2018

                      BY THE COURT

                      _____
                      Jill N. Parrish
                      United States District Court Judge