DANIEL W. BOYER (14602)
Assistant Solicitor General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, 6th Floor
PO BOX 140854
Salt Lake City, Utah 84114-0854
Telephone: (801) 366-0180
dboyer@agutah.gov
Respondent's counsel

---

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AARON DAVID TRENT NEEDHAM, <br><br> Petitioner, <br><br> v. <br><br> STATE OF UTAH, <br><br> Respondent. | Case No.  2:17-CV-115-JNP <br><br> STATE'S RESPONSE TO "MOTION FOR NEW TRIAL" AND "MOTION TO COMPEL DISCOVERY" <br><br> Judge Jill N. Parrish |

Respondent, on this Court's order of April 9, 2018 (dkt.56), responds to petitioner Aaron David Trent Needham's "Motion for New Trial," filed on January 26, 2018 (dkt.44), and "Motion to Compel Discovery," filed on April 5, 2018 (dkt.53).

**Procedural History**

Early this year, this Court dismissed Needham's petition for writ of habeas corpus because (1) he had not exhausted his claims by fairly presenting them to the Utah Supreme Court, and (2) they were procedurally defaulted. *See generally* dkt.42.

About two weeks later, Needham filed a document titled "Motion for New Trial," asking that his federal habeas case be reopened. Dkt.44. About three months later, he filed a "Motion

1

to Compel Discovery." Dkt.53. This Court ordered Respondent to respond to both motions. Dkt.56.

## Argument

### I. Needham's "Motion for New Trial" identifies no error, let alone clear error, in this Court's order dismissing his habeas petition, nor does it show any newly discovered evidence that warrants reconsidering the dismissal.

Needham has filed a "Motion for New Trial," asking the Court to reconsider its dismissal of his petition for a writ of habeas corpus. Dkt.44. Because no trial occurred in this case, either by jury or bench, Respondent construes Needham's motion as one to alter or amend the Court's order dismissing the petition under rule 59(e), Federal Rules of Civil Procedure.

Grounds for granting a motion to alter or amend judgment under rule 59(e) include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Somerlott v. Cherokee Nation Distributors*, *Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012) (quotation and citation omitted). A rule 59(e) motion is "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

Needham's motion appears to rely principally on a 2006 letter that his attorney filed with the Utah Department of Professional Licensing (DOPL) in response to a civil complaint filed by the victim before criminal proceedings commenced. Dkt.44 at 5, 9; dkt.46-1 (attorney letter).

2

The attorney cc'd Needham on the 2006 letter.  Dkt.46-1 at 5.  Needham argues that the letter

proves he is actually innocent.  Dkt.44 at 9.

As set forth below, Needham identifies no reason for the Court to alter or amend its order

dismissing the petition.

**A.      Needham does not show any error, much less clear error, in this Court's determination that that he did not exhaust his habeas claims.**

To satisfy the AEDPA's exhaustion requirement, Needham had to give the Utah Supreme

Court "one full opportunity to resolve any constitutional issues by invoking one complete round

of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845

(1999).  Needham argues that this Court erroneously dismissed his petition because, according to

him, he "did in fact file a Writ of Certiorari upon the Utah Supreme Court."  Dkt.44 at 4.

But he provides no evidence in support of this assertion.[1]  Nor does he confront

Respondent's evidence, submitted with its motion to dismiss the petition, that Needham did not

file petition for writ of certiorari in either his direct appeal or his state post-conviction appeal.

Dkt.23 at 4-5; dkt.23-6 (Utah Supreme Court letter denying Needham's second request for an

extension to file his petition for writ of certiorari in his direct appeal); dkt.23-9 (Utah Court of

Appeals' order dismissing Needham's post-conviction appeal for not filing a docketing

statement); *see also Needham v. State*, No. 20170380-CA (Utah Ct. App., filed May 9, 2017)

(appellate docket attached hereto as Addendum A).

---

[1] Needham lists 27 Exhibits at the end of his "Motion for New Trial."  Dkt.44 at 11-13.  Some of them he has actually filed.  Others, including a purported Petition for Writ of Certiorari (ex. 23) and a denial of the writ (ex. 24) have not been filed.  The Utah Supreme Court did not "deny" any petition that Needham may have filed out of time.  Instead, it denied Needham's motion for an extension of time and stated it would "take no further action" on his case.  *State v. Needham*, No. 20140483-CA (Utah, Letter May 26, 2017) (attached hereto as Addendum B).

Because Needham never fairly presented his claims to the state supreme court—through either direct or collateral review—he has not exhausted his claims. He shows no error, let alone clear error, in this Court's analysis.

**B.      Needham does not show that cause and prejudice or actual innocence excuses his claims' procedural default.**

Needham claims that, contrary to the Court's decision, he meets the cause and prejudice standard necessary to overcome procedural default because, according to him, the Utah Department of Public Licensing (DOPL) has not provided him a complete copy of a letter his attorney gave to DOPL in 2006. Dkt.44 at 6,9. He claims that the letter shows he is actually innocent. *Id.* But the letter was available to Needham as early as 2006, when he was cc'd on it. Dkt.46-1 at 5. It thus cannot help Needham get reconsideration of this Court's dismissal order— it is not newly discovered evidence that can show cause and prejudice or manifest injustice.

**1.      Needham does not show cause.**

Cause "must be something *external* to the petitioner, something that cannot be fairly attributed to him." *Coleman*, 501 U.S. at 753; *see Carrier*, 477 U.S. at 488 (determining that the "cause" standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rules"). Such external factors could, for example, include situations where "some interference by officials . . . made compliance impracticable." *Id.* (citation and internal quotations omitted).

In other words, for Needham to show cause for his failure to fairly present his claims to the Utah Supreme Court, he had to show that some objective factor external to him or his attorneys prevented him from timely filing his petition for a writ of certiorari. Needham suggests that "interference by the State" resulted in the supreme court "procedurally barring State

review." Doc. no. 44 at 5,9,14. But he does not say what he believes that "interference" was or proffer any evidence in support of the bare allegation.

Needham cannot show that a factor "external to the defense" prevented his access to his attorney's 2006 letter because the letter shows that Needham was cc'd on the letter. *See Carrier*, 477 U.S. at 488; dkt.46-1 at 5.

Needham does not explain the connection he sees between not receiving the letter and not perfecting his petition for a writ of certiorari in state court. None of the claims in his habeas petition mention the letter. *See generally* dkt.5. He does not show any error, much less clear error, in this Court's determination that he had not shown cause for failure to exhaust the claims in his habeas petition.

### 2. Needham does not show prejudice or that he is actually innocent.

Needham suggests that a miscarriage of justice will occur if this Court does not address the defaulted claims in his petition. Dkt.44 at 9. He claims that the letter his attorney delivered to DOPL in 2006 shows that he is actually innocent. *Id.* Needham does not meet his burden to show that the Court's dismissal order should be reconsidered because the letter is not newly discovered evidence. Again, Needham had access to it as early as 2006. Dkt.46-1 at 5.

And the fundamental miscarriage of justice exception to procedural default "is a markedly narrow one, implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Mager v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (quotations omitted). The actual innocence standard is demanding; it requires the petitioner to "demonstrate that more likely than not, in light of new evidence, no reasonable juror would find [the petitioner] guilty beyond a reasonable doubt." *House v. Bell*,

547 U.S. 518, 538 (2006).   Because such evidence is so rare, "in virtually every case, the allegation of actual innocence has been summarily rejected." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).

Needham does not meet this exacting standard to show that he is actually innocent of eight counts of communication fraud and one count of pattern of unlawful activity.   He says that his attorney's 2006 letter shows he is innocent, but he does not say what information in the letter proves this.   He does not explain why he could not have relied on the document in his criminal trial or in later proceedings to try to prove innocence.   He has not shown that he has exhausted all of his state administrative remedies to obtain the document a second time.   Respondent does not see anything in the attorney's letter that meets that actual innocence standard.

In sum, Needham does not provide any reason for the Court to amend or alter its order dismissing his petition for a writ of habeas corpus.

## II.   The Court should deny Needham's "Motion to Compel Discovery" because his case is closed and he does not show good cause.

Needham moves for discovery of (1) "all exhibits provided to Wayne Hollman of DOPL hand delivered from Kurt Faux letter," and (2) "the undisclosed name filed by BACT in June 2006 at DOPL and all redacted information under petitioner's right to 6th Amendment confrontation clause." Dkt.53.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Braxy v. Gramley*, 520 U.S. 899, 904 (1997).   Under the Rules Governing Section 2254 Cases, Needham must show "good cause" for discovery. Rule 6, Rules of Governing § 2254 Cases.   And he "must provide reasons for the request." *Id.* Needham does not meet these requirements.

First, as discussed, Needham does not show that this Court's dismissal order should be reconsidered or his habeas case reopened.  *See supra*, section I.  That failure renders his discovery motion moot.

Second, Needham has not provided "reasons for the request."  Rule 6, Rules of Governing § 2254 Cases.  He does not specify which of his dismissed habeas claims he believes the requested documents will support.  He does not say what the requested discovery will allow him to do with this closed case.

Finally, he has not shown that he has exhausted state administrative remedies in obtaining the requested information.  It appears from his recent filings that he has not exhausted state procedures for obtaining the information.  *See, e.g.*, dkt.54-2 (Assistant Attorney General stating that he had no evidence to suggest that Needham had made a request for public documents under state law on DOPL as of October 3, 2017).

Thus, the Courts should deny Needham's discovery motion.

### Conclusion

Based on the foregoing, the Court should deny Needham's "Motion for New Trial" and "Motion to Compel Discovery."

DATED May 9, 2018.

SEAN D. REYES
Utah Attorney General

/s/ Daniel W. Boyer

DANIEL W. BOYER
Assistant Solicitor General
Attorneys for Respondent

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2018, I electronically filed the foregoing State's response to "motion for new trial" AND "MOTION TO COMPEL DISCOVERY", with the Clerk of Court using the CM/ECF system and also mailed a copy to the following non-CM/ECF participants:

> Aaron David Trent Needham
> Inmate # 211547
> Utah State Prison
> P.O. Box 250
> Draper, Utah 84020-0250
> (Petitioner pro se)

/s/ Daniel Boyer

**ADDENDUM INDEX**

ADDENDUM A:    Appellate Docket, *Needham v. State*, No. 20170380-CA (Utah Ct. App., filed May 9, 2017)

ADDENDUM B:    Letter May 26, 2017, *State v. Needham*, No. 20140483-SC (Utah, May 26, 2017)