IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AARON DAVID TRENT NEEDHAM,<br><br>    Petitioner,<br><br>v.<br><br>STATE OF UTAH,<br><br>    Respondent. | **MEMORANDUM DECISION<br>& ORDER DENYING OR DISMISSING<br>PETITIONER'S POST-JUDGMENT<br>MOTIONS**<br><br>Case No. 2:17-CV-115 JNP<br><br>District Judge Jill N. Parrish |

Before the court are six motions and two supplemental pleadings filed by Petitioner Aaron David Trent Needham: Motion for New Trial (ECF No. 44); Supplemental Pleadings (ECF No. 50 & 52); Motions to Compel Discovery (ECF No. 53 & 61); Motions for Extension of Time (ECF No. 63 & 73); and Motion for Electronic Filing (ECF No. 67). For the reasons stated below the motions are denied or dismissed. The court also denies petitioner a Certificate of Appealability as to the dismissal of his petition for habeas corpus (ECF No. 43) and as to the denial of these motions.

## BACKGROUND

On January 15, 2013, a jury found Needham guilty of eight counts of communications fraud and one count of pattern of unlawful activity in the Fifth Judicial District Court, Washington County, Utah. He was sentenced on October 2, 2013. *State v. Needham*, No. 101500067 (5th Judicial Dist. Ct. Washington County, Utah). Needham appealed to the Utah Court of Appeals on June 5, 2014. *State v. Needham*, 2016 UT App. 235, No. 20140483-CA (2016).

In July 2014, Needham filed an application for state post-conviction relief under the Utah Post-Conviction Remedies Act in the Fifth Judicial District Court, Washington County, Utah. *Needham v. State,* No. 140500439 (5th Dist. Ct., Washington County, Utah). On February 6, 2015,

the petition was dismissed based on the pendency of the direct appeal. Ruling Dismissing Petition, *Needham v. State*, No. 140500439 (Feb. 6, 2015).

On March 3, 2015, Needham filed a Petition for Writ of Habeas Corpus in the U.S. District Court, District of Utah. *Needham v. State*, No. 2:15-cv-00146-DB (D. Utah 2016). District Court Judge Benson dismissed the petition without prejudice on August 16, 2016, for failure to exhaust state remedies. Needham appealed to the Tenth Circuit on August 29, 2016. The Tenth Circuit denied Needham a certificate of appealability ("COA") on November 15, 2016 and dismissed the appeal. *Needham v. State,* No. 16-4157 (10th Cir. Nov. 15, 2016).

On December 8, 2016, the Utah Court of Appeals affirmed the state court conviction, finally closing the pending direct appeal. *State v. Needham*, 391 P.3d 295 (Utah Ct. App. 2016). Needham's motion for a rehearing was denied on March 14, 2017. Order, No. 20140483-CA (Utah Ct. App. Mar. 14, 2017).

On January 30, 2017, Needham received an extension to file his writ of certiorari with the Utah Supreme Court. On April 13, 2017, Needham filed another motion for extension with the Utah Supreme Court. The Supreme Court of Utah granted the motion on April 20, giving Needham until May 15, 2017 to file his petition for writ of certiorari and making clear that Rule 48(e) of the Utah Rules of Civil Procedure would not permit further extensions. *State v. Needham*, No. 20140483 (Utah April 20, 2017). The Supreme Court denied a second request dated May 4, 2017. Needham did not file a petition for writ of certiorari, but filed a motion to stay and motion to submit for decision on May 16, 2017, which the Utah Supreme Court dismissed for lack of jurisdiction.

A day before filing the first motion for an extension in the Utah Supreme Court, on April 12, 2017, Needham filed another petition for writ of habeas corpus in this federal district court.[1] *Needham v. State*, No. 2:17-cv-00115 (D. Utah).

Meanwhile, on May 9, 2017, Needham appealed the denial of his post-conviction relief petition to the Utah Court of Appeals. The appeal was dismissed on an order of default. *Needham v. State*, No. 20170380-CA (Utah. Ct. App. June 5, 2017). This was not appealed.

On January 11, 2018, this court dismissed the petition for writ of habeas corpus with prejudice, finding that Needham's claims were procedurally defaulted for failure to meet the exhaustion requirement in Utah state court, without an exception that would excuse the failure. ECF No. 42, 43. On January 26, 2018, Needham filed a Motion for New Trial. ECF No. 44. On February 28, 2018, Needham filed a Notice of Appeal to the United State Court of Appeals for the Tenth Circuit. That appeal has been abated by the Tenth Circuit pending the resolution of his post-judgment relief motion.

## ANALYSIS

### I. MOTION FOR NEW TRIAL AND SUPPLEMENTAL PLEADINGS

#### A. NATURE OF MOTION

Needham filed a motion for new trial under Fed. R. Civ. P. 59(a). Because there has been no trial in this case, we will construe his motion as a motion for post-judgment relief. In order to seek post-judgment relief, Needham could have brought either a "Rule 59(e) (motion to alter or

---

[1] Needham's initial petition was dismissed without prejudice, giving him leave to refile after exhaustion in state court, therefore it was not considered a second or successive petition. "A habeas petition which is filed after an initial petition was dismissed without adjudication on the merits for failure to exhaust state remedies is not a "second or successive" petition as that term is understood in the habeas corpus context." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason)." *Phelps v. Hamilton*, 122 F.3d 1309, 1323–24 (10th Cir. 1997). The two rules are different, but can be difficult to distinguish. The Tenth Circuit "has previously held that regardless of how it is styled or construed, a motion filed within ten days of the entry of judgment that questions the correctness of the judgment is properly treated as a Rule 59(e) motion." *Phelps*, 122 F.3d at 1323–24 (10th Cir. 1997) (quoting *Vreeken v. Davis,* 718 F.2d 343, 345 (10th Cir.1983)). Needham filed his motion within fifteen days, which is outside the ten-day window, but still within the twenty-eight days allowed by Fed. R. Civ. P. 59(e).

The question then becomes whether the substance of Needham's motion seeks relief consistent with that available under Fed. R. Civ. P. 59(e) motion. A Fed. R. Civ. P. 59(e) motion asks the court for "reconsideration of matters properly encompassed in a decision on the merits." *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005) (quoting *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174 (1989)) (internal citations omitted). Needham appears to be asking for a reconsideration of the merits of his case. He asserts that although his claims were procedurally defaulted in state court, his claims qualify for one of the narrow carve-outs recognized in *Martinez v. Ryan,* 566 U.S. 1 (2012), which allows a petitioner to "obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of the federal law." *Trevino v. Thaler*, 569 U.S. 413, 414 (2013) (quoting *Martinez*, 566 U.S. at 10).

Even though Needham's motion appears to seek relief available under Fed. R. Civ. P. 59(e), in the habeas context, post-judgment relief motions most comport with the federal habeas statutes, including the ones most applicable here: 28 U.S.C. § 2244 and 28 U.S.C. § 2254. In *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005), the Supreme Court held that "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to

4

the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." A Rule 60(b) motion is inconsistent with these rules when it constitutes a "second or successive habeas petition," which must be governed by 28 U.S.C. § 2244. *Id.*

The Tenth Circuit has held that *Gonzalez* applies to Fed. R. Civ. P. 59(e) motions as well. *United States v. Pedraza*, 466 F.3d 932, 933-34 (10th Cir. 2006). Under Tenth Circuit precedent, to the extent that a "Rule 59(e) motion challenge[s] the substance of the district court's resolution of [a habeas] claim on the merits, it present[s] second or successive habeas claims requiring authorization." *United States v. Vazquez*, 615 F. App'x 900, 902 (10th Cir. 2015) (internal citations omitted). While the district court may rule on true Fed. R. Civ. P. 60(b) or 59(e) arguments, "second or successive" issues must be "certified by a panel of the [Tenth Circuit] pursuant to § 2244 before [they] may proceed in district court." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006) (citing 28 U.S.C.S. § 2244 (2018)). Thus, the court must determine whether Needham's claims are second or successive habeas claims. *Id.* at 1217; *see also Pedraza*, 466 F.3d at 933.

A Fed. R. Civ. P. 59(e) motion "is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas*, 464 F.3d at 1215 (citing *Gonzalez*, 545 U.S. at 538). "Conversely, it is a true [59(e)] motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding." *Id.*[2]

Although Needham does not clearly divide his claims, he appears to allege the district court erred in dismissing his habeas petition for failure to exhaust his state court remedies, because the

---

[2] Although *Spitnaz* discussed the interaction between § 2254 and Rule 60(b), the Tenth Circuit in *United States v. Nelson,* 465 F.3d 1145 (10th Cir. 2006) and *U.S. v. Pedraza*, 466 F.3d 932, n.1 (10th Cir. 2006) has held that the analysis is identical.

5

court should have excused the procedural default on grounds of cause and prejudice. He further argues that, even in the absence of an excuse, newly discovered evidence is proof of his actual innocence. In subsequently filed supplemental pleadings, Needham also asserts further proof of his *Brady* violation and prosecutorial conduct claims. Each claim will be addressed in term, first considering whether the claim is actually a second or successive habeas petition and then considering the proper disposition.

## B. *FED. R. CIV. P. 59(E) CLAIMS*

### 1. Excusal of Failure to Exhaust

Needham alleges the district court erred in dismissing his habeas petition for failure to exhaust because his failure should be excused under the "cause-and-prejudice standard."[3] In the Tenth Circuit, in order to meet the cause standard, "Petitioner must show that some objective factor external to the defense impeded his compliance with Utah's procedural rules." *Dulin v. Cook*, 957 F.2d 758, 760 (10th Cir. 1992) (internal citation omitted). And, to meet the prejudice requirement, "petitioner must show not merely that the errors at trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray v. Carrier*, 477 U.S. 478, 494 (1986).

In the January 11, 2018, Memorandum, Decision and Order dismissing Needham's federal habeas petition, this court held that Needham had "not met his burden of showing that objective factors external to the defense hindered him in meeting state procedural demands." Needham now alleges three other external factors. He alleges his failure to exhaust was caused by (1) the state's

---

[3] "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 111 S.Ct. at 2565.

6

interference with his state court pleadings; (2) ineffective assistance of counsel; and/or (3) the state's failure to produce exculpatory or impeachable evidence and thus the federal district court erred in dismissing his habeas petition. Because Needham is challenging the decision of the federal district court dismissing his habeas claims on procedural grounds, it is a true Fed. R. Civ. P. 59(e) claim. *See Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006) ("Thus, for example, a motion asserting that the federal district court incorrectly dismissed a petition for failure to exhaust, procedural bar, or because of the statute of limitations constitutes a true [59(e)] motion").

Under Fed. R. Civ. P. 59(e), a court may alter or amend a judgment it has entered if there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A 59(e) motion is "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id*. at 1012. "A Rule 59(e) motion is normally granted only to correct manifest errors of law or to present newly discovered evidence." *Jennings v. Rivers*, 394 F.3d 850, 854–55 (10th Cir. 2005) (internal citations omitted).

   a. *State Interference*

Needham's first claim, that the state interfered in his ability to file his petition for writ of certiorari, appears to be based on his request to correct clear error in this court's previous dismissal of his claims. In support, Needham has filed exhibits available at ECF No. 45-3 and 45-4, Exhibits 17 through 26. But these documents do not reflect that the state interfered with Needham's ability to file a petition for writ of certiorari. On April 20, 2017 the Supreme Court of Utah granted Needham an extension until May 15, 2017 to file. Exhibit 17, ECF No. 45-3. Needham alleges he did not receive this extension until May 16, 2017 (Exhibit 19, ECF No. 45-3), and thus had no chance to file his habeas petition. However, this clerical error is not grounds for cause and

prejudice. Needham had already been granted one extension by the Utah Supreme Court in January of 2017 and, in the meantime, after asking for his second extension on April 3, 2017, he was able to file his petition for writ of habeas corpus in this case (ECF No. 4, April 12, 2017) and an appeal of the denial of his post-conviction relief in the Utah Court of Appeals (*Needham v. State*, No. 20170380 (Utah Ct. App. May 9, 2017). The court is unconvinced that Needham could not have met the deadline for filing his petition for writ of certiorari. As the deadline approached and Needham did not have an answer from the Utah Supreme Court, he should have filed his petition. Thus, the failure is not external to his defense, but rather internal, and is not grounds for excusal of the exhaustion requirement.

b. *New Evidence*

Needham's second and third theories, that his failure to exhaust should be excused due to ineffective assistance of counsel and failure of the prosecution to provide exculpatory evidence, are based on a single piece of allegedly new evidence. The new evidence is a partial copy of an audit from the Utah Department of Public Licensing (DOPL) attached to a letter hand-delivered to Wayne Holman by Faux & Associates on September 1, 2006, allegedly received by Needham's mother in January 2018. Supplemental Pleading 3, ECF No. 50; *see also* Affidavit, Exhibit 1, ECF 46-1. According to the Needham, counsel's failure to investigate mitigating evidence, resulting in the failure to discover the document, is grounds for excusal of his failure to exhaust. Motion 4. He further argues that the state's alleged failure to provide this evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) is an alternative ground to excuse Needham's failure to exhaust.

Needham does not explain, however, why a letter and an audit provided to Wayne Holman on his behalf, which was also simultaneously sent to potentially Needham and certainly his lawyer at the time, could be considered new evidence "previously unavailable" for the purposes of a Fed.

8

R. Civ. P. 59(e) motion. Even were the court to consider the evidence under the "clear error" standard, Needham has still failed to establish cause and prejudice necessary for excusal of his failure to exhaust. He does not explain how not having this letter and audit caused him to fail to meet the procedural deadlines for a petition for habeas corpus, nor could the lack of this evidence have prejudiced him, when all he had to do to exhaust his state court remedies was meet the Utah Supreme Court's deadline. For these reasons, the court declines to alter or amend the judgment, finding that Needham's habeas claims are procedurally barred for failure to exhaust.

2. **Actual Innocence**

Needham also alleges that the letter and audit are newly discovered evidence that establish his actual innocence, and should be addressed despite his unexcused procedural default. Again, Needham is offering new evidence, alleging that the federal district court erred in dismissing his claim for procedural reasons, making this a true Fed. R. Civ. P. 59(e) claim. *Cf. Boyd v. Martin,* No. 17-6230, 2018 WL 4090880, at *3 (10th Cir. Aug. 28, 2018) (declaring a Rule 59 motion that offered evidence in support an actual innocence claim denied on the merits to be second or successive).

The Supreme Court has held that actual innocence can be a gateway to consider procedurally defaulted claims. "In an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). To even assert "innocence as a gateway to defaulted claims," however, Needham must "establish that in light of new evidence, it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006); *see also Calderon v. Thompson*, 523 U.S. 538, 559 (1998). Only then, if

9

the petition "raises sufficient doubt about the petitioner's guilt to undermine confidence in the result of the trial without the assurance that that trial was untainted by constitutional error," is a merits review of the constitutional claims justified. *House,* 547 U.S. at 537 (internal citations omitted).

To establish actual innocence, Needham offers a letter to Wayne Holman of the Utah Division of Occupational and Professional Licensing and a partial copy of an audit. The letter and the audit relate to two civil cases, one in which the Utah Division of Occupational and Professional Licensing sanctioned him and another in which a breach of contract claim was brought against him. The letter and audit do nothing to suggest his innocence on eight counts of communications fraud and one count of pattern of unlawful activity. Because Needham has not made a showing of actual innocence, this court will not reach the merits of his constitutional claims.

## C. SECOND OR SUCCESSIVE CLAIMS

To the extent that Needham's supplemental pleadings (ECF Nos. 50 & 52) can be construed as motions to amend the Fed. R. Civ. P. 59(e) motion to add a *Brady* violation claim and a prosecutorial misconduct claim to his habeas petition, those claims are dismissed for lack of jurisdiction. Both claims relate to the state court judgment and any claims challenging the state court judgment cannot be properly brought as post-judgment motions because they are second or successive habeas petitions governed by 28 U.S.C. § 2244. Allegations of a *Brady* violation and a "fraud on the court" prosecutorial misconduct claim at the state court level are both claims for second or successive habeas relief. *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006) ("[I]f the fraud on the habeas court includes (or necessarily implies) related fraud on the state court (…), then the motion will ordinarily be considered a second or successive petition.")

This court is without jurisdiction to decide a second or successive habeas petition on the merits without authorization from the Tenth Circuit. 28 U.S.C. § 2244(3). In a case such as this, where a successive petition has been filed without "the required authorization," the district court has two options. "The district court may transfer the matter to [the court of appeals] if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (citing *Spitznas v. Boone,* 464 F.3d 1213, 1227 (10th Cir.2006))

Factors weighing in favor of transfer include "a finding that a new action filed by the litigant would be barred as untimely, and a finding that the original action was filed in good faith." *Winfrey v. United States*, No. 2:16-CV-00624-JNP, 2017 WL 353976, at *1 (D. Utah 2017) (quoting *Coleman v. United States*, 106 F.3d 339, 341 (1997)). In the habeas context, the district court must ask whether there is a "risk that a meritorious successive claim will be lost absent a § 1631 transfer," however if there is no risk, "a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

This court declines to transfer these motions to the court of appeals. First, these claims do not appear to be meritorious. Needham has already alleged a Brady violation and a prosecutorial misconduct claim in his initial habeas petition, and any repeat claims will be dismissed by as a previously presented claim. 28 U.S.C. § 2244(b)(1). In addition, despite numerous and voluminous filings with the court, Needham continues to fail to specifically identify claims for relief and evidence on which to base those claims.[4] Second, Needham is not barred from asking

---

[4] Since the "Motion for New Trial" (ECF No. 44) filed on January 26, 2018, Petitioner has filed nearly 20 separate filings. (ECF Nos. 45-47, 50-55, 59-61, 63-67 & 68-71.) These filings include hundreds of pages of exhibits. If Petitioner decides to apply to the court of appeals for authorization

the court of appeals for authorization to file his second or successive petition. If Needham can establish that the letter and the "five thousand pages plus a CD with another 3,500 pages" are new evidence discovered in January 2018, then Mr. Needham has a year from the discovery of the new evidence to petition for permission to file his second or successive habeas claim on those grounds. 28 U.S.C. § 2244.

### D. CERTIFICATE OF APPEALABILITY

On February 28, 2018, one month after filing his Motion for New Trial, Needham filed a Notice of Appeal with the Tenth Circuit. *Needham v. State*, No. 18-4032 (10th Cir. 2018). Needham did so without obtaining a Certificate of Appealability ("COA") from the district court, which the Tenth Circuit has held "is a jurisdictional prerequisite to [] review of a petition for a writ of habeas corpus." *Boyd v. Martin*, No. 17-6230, 2018 WL 4090880, at *2 (10th Cir. 2018). The Tenth Circuit has abated his appeal pending the resolution of Needham's post-judgment relief motions.

To receive a COA, Needham must make "a substantial showing of the denial of a constitutional right" and establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Boyd v. Martin*, No. 17-6230, 2018 WL 4090880, at *2 (10th Cir. 2018) (internal citations omitted); *see also Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

No reasonable jurist could debate that Needham's claims are procedurally barred for failure to exhaust in state court. *Rose v. Lundy*, 455 U.S. 509 (1982). Furthermore, no reasonable jurist

---

to file a second or successive petition, he should distill his writings down to the minimum words needed to concisely state his claim and identify what specific "new" evidence supports it.

could debate that Needham's additional evidence offered in support of his Fed. R. Civ. P. 59(e) motion fails to establish cause and prejudice sufficient to excuse his failure to exhaust. The court therefore denies Needham a certificate of appealability as to the dismissal of his petition for habeas corpus and as to the denial of his Fed. R. Civ. P. 59(e) motion.

## II. MOTIONS TO COMPEL DISCOVERY (ECF NO. 53 AND 61)

Needham is not entitled to discovery on his petition for habeas corpus. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Under Rule 6(a) of the Rules Governing § 2254 Cases, "A judge may, for good cause, authorize a party to conduct discovery." Needham's first Motion to Compel offers no good cause for conducting discovery and is hereby denied. ECF No. 53. Needham's second motion to compel asks for production of transcripts and documents relating to a deposition that Needham alleges counsel denied him the opportunity to attend. ECF No. 61. As this ineffective assistance of counsel claim was denied by this court, and is not revived by the current Rule 59(e) motion, this court denies the second motion as well.

## III. MOTION FOR EXTENSION OF TIME AND MOTION FOR ELECTRONIC FILING

The Motion for Extension of Time (ECF No. 63) is denied as moot. Petitioner filed his reply on August 31, 2018.

The Motion for Electronic Filing (ECF No. 67) is denied as well. Any evidence that Needham seeks to introduce should be filed with the Tenth Circuit in support of his ongoing appeal.

The Motion for Extension of Time to File Response to the rule 60(b) petition (ECF No. 73) is denied. Petitioner has not filed a motion under Fed. R. Civ. P. 60(b) in this case.

**ORDER**

**IT IS ORDERED** that:

(1) Petitioner's motion for relief from the judgment (ECF No. 44) is **DENIED**.

(2) Petitioner's claims brought under the supplemental pleadings (ECF No. 50 & 52) are dismissed for lack of subject matter jurisdiction as second or successive habeas claims.

(3) Petitioner's motions to compel discovery (ECF Nos. 53 & 61) are **DENIED**.

(4) Petitioner's motions for time extensions and leave to file electronically (ECF Nos. 63, 67 & 73) are **DENIED**.

(5) A certificate of appealability as to the dismissal of the petition for habeas corpus and as to the denial of this motion is **DENIED**.

DATED September 27, 2018.

BY THE COURT:

JILL N. PARRISH
United States District Judge